HEARD NOVEMBER TERM, 1874.

## ALLEN vs. FAGAN.

Upon a question of location, under a deed of conveyance calling for a certain street as a boundary, evidence of user tending to show the exact location of the corner of the street is competent, although the location which it tends to show is different from that established by deeds and other records.

BEFORE CARPENTER, J., AT RICHLAND, MAY TERM, 1874.

This was an action of trespass to try title by M. C. Allen, trustee, plaintiff, against J. Fagan and others, defendants.

The case and exceptions, upon which the appeal was heard, are as follows:

"The estate of Mary Glaze, deceased, being possessed of a lot at the Southwest corner of Gates and Gervais streets, in the city of Columbia, measuring in front, on Gervais street, sixty-one (61) feet, the same was sold by the Sheriff of Richland County for partition, and, for the purposes of the sale, was divided into two lots; the first extending from the said corner of Gates and Gervais streets, and fronting on Gervais street thirty-five (35) feet, was bought by the defendant; the second, consisting of the remainder of the lot, and which contained twenty-six (26) feet front on Gervais street, was bought by the plaintiff. The Sheriff of Richland County made titles, measured off the lots, put the purchasers into possession thereof, and both parties improved them.

"The contract of the sale was held by the Court to be the printed notice by the Sheriff, which was produced in evidence by the plaintiff. To which the plaintiff excepted.

"This notice called for 'the Southwest corner of the intersection of Gervais and Gates streets' as the point from which the purchasers—the Fagans, who were the first purchasers,—were to commence the measurement of their purchase. In fixing the quantity of land so purchased by them, the Fagans employed· the then City Surveyor, B. F. Jackson, to determine the true point according to the contract, and from that point, as fixed by said surveyor, they measured thirty-five feet, and erected their fence within the line. The evidence at the trial, as to the true corner of Gates and Gervais streets, was conflicting. B. F. Jackson, the then City Surveyor, and Mr. Murdoch, a civil engineer, were examined as witnesses on behalf of defendants, and by survey they fixed a corner. Major

Mahon was examined as a witness on the part of the plaintiff, Allen, and he, by survey, fixed a corner. There being a difference of nearly nine inches between the surveys, His Honor ruled, as matter of law, that the Fagan line commenced at the true corner of Gates and Gervais streets, and not from the corner of any encroachment that may have been made upon the street, and left the fact as to what was the true corner to the jury, to be decided upon the evidence. To which the plaintiff excepted.

"And the jury, by their verdict, established the corner fixed by B. F. Jackson and Mr. Murdoch as the true corner, and upon this based their verdict.

"The plaintiff did desire to put up witnesses to prove some adverse possession of Mary Glaze to some encroachments on Gates street, to which evidence objection was made on part of defendants, as being outside of the contract of sale. This objection His Honor sustained upon the ground that the contract and sale by the Sheriff called for the corner of Gates and Gervais streets, and that must be fixed, not by where an old building happened to stand, but by the true corner of the streets as established by evidence, which evidence was left by the Court to the jury, as already stated. To which plaintiff excepted.

"And the evidence as to any adverse claim of the said Mary Glaze was excluded from the jury by the Court, upon the ground that he could not throw the burthen of setting up that right against the city upon a purchaser who had purchased under the terms of the notice and the sale by the Sheriff, more especially when the suit is brought, as in this case, by a party who subsequently purchased the second parcel of land under the same notice, and in his complaint has neither made the city a party, nor alleged any title by adverse possession. To all of which the plaintiff excepted.

"That His Honor erred in excluding the testimony offered to show the adverse possession of Mary Glaze, as aforesaid."

The jury found for the defendants, and the plaintiff appealed.

*Monteith & Bauskett, Melton & Chamberlain,* for appellant.

*Pope & Haskell,* contra.

June 26, 1875.   The opinion of the Court was delivered by

WILLARD, A. J.   The precise character of the evidence, the rejection of which by the Circuit Judge forms the subject of the principal exception, is not clearly presented.

It is to be assumed, however, that the facts intended by the appellant to be laid before the jury were substantially as follows: That a building had been for several years standing at the corner of Gervais and Gates streets, the point on which the respective deeds under which both plaintiff and defendants rely rest.

The object of offering this testimony is somewhat obscure, but it may have been either to fix the location by user or to aid in settling this conflict that existed between the surveys that were introduced in evidence, based, as we may assume, on evidence afforded by deeds or other records.   It is also possible that it may have been intended as bearing upon the actual intent of the parties to the respective deeds as derived from all the attending circumstances.

As the record does not present to us the distinct object in view, nor the definite grounds on which the evidence was excluded, we have only to look into the case far enough to see whether, under any aspect of the case as presented, there is reasonable ground to assume that the evidence was pertinent to the issue.

In determining the true boundaries of a highway, evidence of user is generally an important element of the proofs.   If that were of sufficient duration, it is conclusive, although the actual location differs from that intended as evidenced by deed or other matters of record.   What duration of user, as a general rule, or under the circumstances of a particular case, may have been sufficient to fix the boundaries as against clear evidence afforded by deeds or records, we are not called upon to determine at the present time, as it does not appear that that question was discussed in the Circuit Court.

It does appear, as already stated, that there was a conflict between the surveys offered in evidence, supporting on the one hand and on the other the respective demands of the plaintiff and defendants.   Under such circumstances, the proof of actual location, as defined by user, was clearly competent.

Whether we are bound to go to the extent to which the Court went in *Falls Village W. P. Co.* vs. *Tibbitts,* (31 Conn., 165,) and declare that the parties must be presumed, in the absence of

evidence of any other intention, to have meant by the terms of the deeds the actual location of the corner as determined by user, we need not here determine, for it does not appear that the question of presumed intent was discusssed or decided at the Circuit.

The case just cited, and that of *Tibbitts* vs. *Eaton*, (5 2 Me., 566,) which latter case applies the same idea in discovering the intention involved in a transfer by judicial process, both sanction the resort to the actual state of the occupation and user of a highway as a means of fixing its boundaries as between parties dealing with it as an existing fact.

The evidence of a building standing at the corner in question, conformably to the plaintiff's demand, should have been admitted at all events. The effect of such evidence can only be properly determined when its nature is fully known.

There should be a new trial.

*Moses*, C. J., and *Wright*, A. J., concurred.